UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAVON HARMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV226SNL |
| ) | |
| ST. LOUIS COUNTY, ) | |
| OFFICER DAVID PRICE ) | |
| OFFICER DEAN O'HARA, and ) | |
| OFFICER JOHN WALL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff has filed this §1983 and state tort action arising from a collision with a police motor vehicle while riding his motorcycle. Plaintiff filed his original complaint on or about February 13, 2008 against defendants St. Louis County, Officer David Price, and Officer Dean O'Hara. Document #1. On or about March 26, 2008 the original defendants filed a joint motion to dismiss (#8). On or about April 2, 2008 plaintiff filed a response to the joint motion to dismiss (#12), as well as a motion for leave to file amended complaint (#10).[1] This matter is before the Court on the plaintiff's motion for leave to file amended complaint (#10), filed June 12, 2008; as well as the original defendants' joint motion to dismiss (#8). Responsive pleadings have been filed in connection with the motion to dismiss and the motion for leave to file amended complaint.

Plaintiff's original complaint was in two (2) counts: Count I was a §1983 claim for "Intentional and Deliberate Deprivation of a Property Interest by Falsifying an Accident Report and Deliberately Omitting Factual Information from that Police Report"; and Count II was a

---

[1]Plaintiff also filed the purported amended complaint (#11).

state-law tort claim for negligence against defendants St. Louis County and Price only. Plaintiff's proposed amended complaint adds defendant John Wall but remains in two (2) counts: Count I is now a §1983 claim for "Willful, Malicious, and Intentional Deprivation of Property and Privacy Interest by Willfully, Maliciously, and Intentionally Falsifying a Police Report; Willfully, Maliciously, and Intentionally Charging Plaintiff with a Crime He Did Not Commit; and Willfully, Maliciously, and Intentionally Obtaining His Medical Records by Willfully, Maliciously, and Intentionally Seeking a Grand Jury Subpoena for the Purpose of Securing Medical Records; and Count II is again a state-law tort claim for negligence against defendants St. Louis Count and Price only.

Plaintiff, in lieu of responding to the defendants' motion to dismiss as to the original complaint, seeks leave to file an amended complaint because he is "now aware of additional facts which, on information and belief, both support his existing `1983' claim, and which constitute a factual basis for additional `1983' claims." Document #10, pg. 1. He then files a response to the pending joint motion to dismiss as though the amended complaint is properly before this Court; which it is not.

Firstly, the Court will hold in abeyance the joint motion to dismiss (#8) and all responsive pleadings until such time plaintiff files a proper amended complaint. The proposed amended complaint does not comport with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff has lumped together three (3) separate and independent §1983 claims in Count I of his proposed amended complaint. Each of these §1983 claims must be set forth in a separate count detailing as far as practicable the circumstances giving rise to each occurrence of the alleged civil rights violation. *See*, Rule 10(b) Fed.R.Civ.P. The Court cannot address with any degree of clarity the §1983 claims as they are now set forth in the proposed amended complaint.

Upon the filing of a second amended complaint, the Court will then address the motion to dismiss and responsive pleadings already filed as they relate to the second amended complaint.[2] Paintiff seeks to continue this dispute based upon the discovery of additional facts; however, the Court feels the matter is fully briefed and will make an informed decision upon the filing of the second amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' joint motion to dismiss (#8), as well as all filed responsive pleadings, shall be held in abeyance until such time plaintiff files a second amended complaint which more properly comports with Rules 8 and 10 Fed.R.Civ.P.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file amended complaint (#10) be and is **DENIED.**

**IT IS FINALLY ORDERED** that plaintiff shall file a second amended complaint as referenced above on or before October 31, 2008. No extensions of time shall be granted except for good cause shown. Upon the filing of said complaint, the Court will consider the pending joint motion to dismiss (#8) ripe for disposition.

Dated this   10th    day of October, 2008.

UNITED STATES DISTRICT JUDGE

---

[2]The second amended complaint is simply a proper drafting of the claims as set out in the proposed amended complaint. Plaintiff is not to add parties or claims but simply draft a complaint that comports with Rules 8 and 10.